IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William H,[1] | ) | Case No.: 5:22-cv-4631-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin J. O'Malley,[2] Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report and Recommendation" or "Report"), under Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff William H. ("Plaintiff") brings this action under Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), as amended ("Act"), seeking judicial review of the final decision of Defendant Martin J. O'Malley, Commissioner of Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under the Act.

    Plaintiff applied for DIB on June 18, 2018, alleging a disability onset beginning June 7, 2016. (DE 9-5, pp. 141-42.) The application was denied initially and on reconsideration by the Social Security Administration. (DE 9-3, p. 73.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (DE 9-4, pp. 87-88.) Prior to the hearing, Plaintiff amended his onset date to June 7, 2018. (DE 9-6, p. 156.) The ALJ issued an unfavorable decision on

---

[1]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]     Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

November 7, 2019, finding that Plaintiff was not disabled. (DE 9-2, pp. 7-20, DE 9-9, pp. 525-38.) Plaintiff sought review of the ALJ's decision, which the Appeals Council denied on March 5, 2020, making the ALJ's decision the Commissioner's final decision. (DE 9-2, pp. 1-6, DE 9-9, pp. 543-48.) Plaintiff filed a Complaint seeking judicial review of that decision on May 8, 2020. (See DE 1, Case No. 5:20-cv-1804-KDW) Plaintiff obtained an Order, filed on November 23, 2021, reversing the Commissioner's decision and remanding the case for further administrative proceedings. (DE 9-9, pp. 549-68.) The Order remanded on the issue of the ALJ's evaluation of Plaintiff's residual functional capacity ("RFC") as it related to Plaintiff's ability to balance. (Id.) On May 21, 2022, the Appeals Council issued an Order remanding the case to the ALJ "for further proceedings consistent with the order of the court." (DE 9-9, p. 571.)

The ALJ conducted a second administrative hearing on September 22, 2022, taking testimony from Plaintiff and from a Vocational Expert. (DE 9-9, pp. 498-524.) On October 19, 2022, the ALJ issued a partially favorable decision (DE 9-8, pp. 472-89), finding that Plaintiff was not disabled before December 14, 2021, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. (Id. at 476.) The Notice of Decision provided that Plaintiff could file either written exceptions with the Appeals Council within 30 days (Id. at 472) or file a new civil action in the Federal district court within 60 days (Id. at 473). Plaintiff brought this action seeking judicial review of the Commissioner's decision in a Complaint filed on December 22, 2022. (DE 1.) As noted by the Commissioner, the "period at issue on appeal is the one during which the ALJ found Plaintiff not disabled—from June 7, 2018 through December 13, 2021." (DE 19, p. 2.)

The Magistrate Judge issued the Report and Recommendation on December 14, 2023, recommending that the Commissioner's decision be affirmed. (DE 22.) The Magistrate Judge

makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Neither party filed an objection to the Report and Recommendation. Upon review of the Report and the record in this case, the Court finds that there is no clear error on the face of the record, adopts the Report and Recommendation, and incorporates it here by reference, and it is hereby **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 5, 2024